UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**ARTISAN AND TRUCKERS CASUALTY COMPANY,**

And

**PERRY L. SIMONIS,**

        Plaintiffs,

    v.                              Case No. 13-CV-0706

**STATE FARM MUTUAL INSURANCE COMPANY,**

        Defendant.

---

## COMPLAINT FOR DECLARATORY RELIEF

---

The plaintiff, Artisan Truckers and Casualty Company; by their attorneys, Hostak, Henzl & Bichler, S.C., as and for their claim against the defendant alleges as follows:

### THE PARTIES AND VENUE

1. The plaintiff, Artisan and Truckers Casualty Company ("Artisan"), is duly organized under the laws of Wisconsin and is licensed to do business in Wisconsin and whose registered agent is CT Corporation System located at 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

2. Plaintiff Perry L. Simonis ("Simonis") is a resident of Wisconsin with principal residence of 1385 Somerset Drive, Stevens Point, WI, 54481.

3. Plaintiff Simonis is included in this action because through the "Receipt and Trust Agreement," of which a true and correct copy is attached hereto as Exhibit A. Simonis is obligated to take any action as may be necessary to protect Artisan's interests.

4. Plaintiff is informed and believes the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a corporation duly organized under the laws of the state of Illinois and is licensed to do business in Wisconsin and whose registered agent is Mark R. Gustafson, located at 245 South Executive Drive, Suite 200, Brookfield, WI 53005.

5. Venue is appropriate in this District because the claims alleged herein arose in Wood County, Wisconsin.

## JURISDICTION

1. One plaintiff is a corporation incorporated under the laws of Wisconsin and domiciled in Wisconsin and the other is an individual who resides in Wisconsin. The defendant is a corporation incorporated under the laws of Illinois and domiciled in Illinois. The amount in controversy, without interest and costs, exceeds the sum or value specified 28 U.S.C. § 1332.

## STATE FARM'S LIABILITY

1. On February 2, 2010, defendant's insured, Kari Burns, was a driver of a vehicle involved in a car accident, in Wood County, Wisconsin, which injured Simonis.

2. That, upon information and belief, the defendant determined that its insured negligently caused the accident and offered to pay its policy limit of $250,000 to Simonis on or about September 28, 2012. Attached as Exhibit B is a true and correct copy of an offer letter from a State Farm Claims Representative to the attorney for Simonis and a "Confirmation of Coverage" issued by State Farm.

3. That, upon information and belief, State Farm believed $250,000 was a fair and reasonable settlement of the claim of Perry Simonis.

2

4. That Perry Simonis had a policy of underinsured motor issued by Artisan which provides coverage for the accident in question.

5. That the plaintiff was required to evaluate the State Farm offer pursuant to its under insured policy and decide whether it would substitute its funds for the State Farm offer.

6. That, one of the elements Artisan considered in its decision to pay funds to Simonis was Kari Burns' liability for causing the accident.

7. On or about October 11, 2012, plaintiff decided to pay funds to Simonis as a substitute for the funds offered by the defendant and delivered $250,000 to Simonis who signed the attached Receipt and Trust Agreement.

8. That the plaintiff, Artisan, has demanded that State Farm pay its policy limits of $250,000 to Artisan in satisfaction of the liability of Kari Burns in causing injury to Perry Simonis.

9. That, upon information and belief, the plaintiff has performed a responsibility owed by the defendant to its insured, Kari Burns, by paying of $250,000 on behalf of Kari Burns.

10. State Farm has a policy of insurance in place indemnifying Kari Burns for damages caused in the February 2, 2010 accident and is directly liable to Simonis and the plaintiff under § 632.32, Wis. Stats.

11. That the defendant has refused to pay its limits to the plaintiff, Artisan, because it alleges that the statute of limitations has run on the negligence claim; that the plaintiff believes the statute is extended by § 893.12, Wis. Stats; that this matter is a controversy which is ripe for resolution pursuant to 28 U.S.C. § 2201.

**WHEREFORE**, the plaintiff, Artisan and Truckers Casualty Company, demands judgment as follows:

1. For a declaration that the defendant owes Artisan $250,000;

2. For a judgment in the amount of $250,000 in favor of Artisan and against the defendant;

3. For reasonable attorney's fees and costs as incurred;

4. For prejudgment interest; and

5. For such other relief as the court deems just.

Dated this 8th day of October, 2013.

**HOSTAK, HENZL & BICHLER, S.C.**

By: __s/ Thomas M. Devine_____
Thomas M. Devine,
Jennifer O. Hemmer,
Attorneys for Plaintiff,
Progressive Universal Insurance Company

Mailing Address:
840 Lake Avenue, Suite 300
Racine, WI 53403
(262) 632-7541
(262) 632-1256 (Facsimile)